**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

| | | |
|---|---|---|
| ISOURCELOANS LLC, | ) | |
| | ) | |
| | ) | |
| Plaintiff | ) | Case No. 2:13-CV-521-AWA-DEM |
| | ) | |
| v. | ) | |
| | ) | |
| SUNTRUST MORTGAGE, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**STIPULATED PROTECTIVE ORDER, RULE 502(d) ORDER, AND
ORDER REGARDING E-DISCOVERY**

WHEREAS, the parties recognize that pursuant to discovery or otherwise during the course of this action, the parties and nonparties may be required to disclose trade secrets and other confidential or proprietary research, development, or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS, this action involves, *inter alia*, (a) highly confidential, technical, proprietary and trade secret subject matter and (b) highly sensitive and confidential business, financial and marketing information;

WHEREAS, the unrestricted disclosure of such trade secret and highly confidential, technical, business, marketing and financial information would be extremely prejudicial to the parties and nonparties and compromise their respective competitive positions; therefore, the parties have determined that this Stipulated Protective Order is required in order to protect the interests of the parties and non-parties while allowing the exchange of information relevant to the action; and

WHEREAS, the parties have, through counsel, stipulated to the entry of this Stipulated Protective Order pursuant to Rule 26(c) to prevent unnecessary disclosure or dissemination of such confidential or proprietary information;

IT IS HEREBY ORDERED that the following provisions of this Order shall control:

## 1.   Designated Material

In accordance with the terms of this Stipulated Protective Order, any information recorded in any form or any portion thereof, including any form of evidence or discovery contemplated under Rules 26 through 36 and Rule 45 of the Federal Rules of Civil Procedure, may be designated pursuant to this Stipulated Protective Order as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "RESTRICTED CONFIDENTIAL – SOURCE CODE" by the person or entity producing it or by any party to this action (the "Designating Party") if: (a) produced or served, formally or informally, pursuant to the Federal Rules of Civil Procedure or in response to any other formal or informal discovery request or subpoena in this action; and/or (b) filed with the Court. All such information and material and all information or material derived from it constitutes "Designated Material" under this Stipulated Protective Order. Unless and until otherwise ordered by the Court or agreed to in writing by the parties, any and all material designated under this Stipulated Protective Order shall not be used or disclosed by the party receiving the Designated Material (the "Receiving Party") except as provided under the terms of this Stipulated Protective Order. (For purposes of this Stipulated Protective Order, "disclose" or "disclosed" means to show, furnish, provide or otherwise communicate the contents or existence of the referenced material or document to anyone, except as provided herein).

**2.    Access**

**2.1    Materials Designated "CONFIDENTIAL"**

Subject to the limitations set forth in this Stipulated Protective Order, Designated Material may be marked "CONFIDENTIAL" generally for the purpose of protecting non-public information relating to the Designating Party's confidential technical, business, sales, marketing, financial, pricing or other competitive commercial information.    Material designated "CONFIDENTIAL" may only be disclosed by the Receiving Party to:

(a)    Persons who appear on the face of the Designated Material marked "CONFIDENTIAL" as an author, addressee or recipient thereof; or persons who have prior knowledge of the contents of the document or thing, participated in events described or contained in the document or thing or in whose files the document or thing was found;

(b)    Outside counsel of record for the parties and Designating Parties to this action, as well as the partners, associates, agents and regularly employed staff and supporting personnel of such counsel to the extent reasonably necessary to render professional services in this action;

(c)    Subject to Section 3 below, up to two (2) designated officers, directors, in-house counsel or employees of the Receiving Party with responsibility for maintaining, defending or evaluating this litigation.

(d)    A fact deposition witness that meets the limitations of Section 2.1(a); any 30(b)(6) deposition witness presented by the Designating Party; and any trial witness, provided that the Designated Material marked "CONFIDENTIAL" has been or will be offered into evidence, either by stipulation of the Designating Party, or after the Designating Party has been provided an opportunity to object, or by ruling by the Court.

(e)     The Court and court personnel (including stenographic reporters) and any necessary law clerk, paralegal, secretarial, clerical, and other lay court personnel;

(f)     Subject to Section 3 below, Designated Material marked "CONFIDENTIAL" may also be disclosed to independent experts (and the assistants, secretarial and clerical staffs of such independent experts), who are not employees of the Receiving Party and who are retained by a party or its attorneys of record in this action to assist in the preparation of the case, such as independent economic, accounting or scientific experts or technical advisors, and to furnish technical or expert services in connection with this action, or to give expert testimony with respect to the subject matter thereof for the trial of this action;

(g)     Outside document processing service providers, including duplicating, photocopying and document coding/scanning contractors. Notwithstanding any other provision of this protective order, access to CONFIDENTIAL Information shall be permitted to such service providers without need for the completion of Exhibit A. The Party providing CONFIDENTIAL Information to an outside document processing service provider shall be responsible for that service provider's compliance with the provisions of this Protective Order.

(h)     Such other persons as the Designating Party may agree to in writing, or such other person ordered by this Court.

## 2.2     Materials Designated "HIGHLY CONFIDENTIAL"

Subject to the limitations set forth in this Stipulated Protective Order, Designated Material that may be marked "HIGHLY CONFIDENTIAL" includes, without limitation, trade secrets or other proprietary technical data or particularly sensitive competitive commercial information, such as information tending to reveal the identities of customers and prospective customers, pending and not yet published patent applications, non-public financial information, information constituting product specifications and/or regarding the technology used to make

-4-

products which is maintained as confidential, and forward looking forecasts, projections, strategies, plans or the like. Material designated "HIGHLY CONFIDENTIAL" may only be disclosed by the Receiving Party to:

(a)     Persons who appear on the face of the Designated Material marked "HIGHLY CONFIDENTIAL" as an author, addressee or recipient thereof; or persons who have prior knowledge of the contents of the document or thing, participated in events described or contained in the document or thing or in whose files the document or thing was found;

(b)     Outside counsel of record for the parties and Designating Parties to this action, as well as the partners, associates, agents and regularly employed staff and supporting personnel of such counsel to the extent reasonably necessary to render professional services in this action;

(c)     A fact deposition witness that meets the limitations of Section 2.2(a); any 30(b)(6) deposition witness presented by the Designating Party; and any trial witness, provided that the Designated Material marked "HIGHLY CONFIDENTIAL" has been or will be offered into evidence, either by stipulation of the Designating Party, or after the Designating Party has been provided an opportunity to object, or by ruling by the Court.

(d)     The Court and court personnel (including stenographic reporters) and any necessary law clerk, paralegal, secretarial, clerical, and other lay court personnel;

(e)     Subject to Section 3 below, Designated Material marked "HIGHLY CONFIDENTIAL" may also be disclosed to independent experts (and the assistants, secretarial and clerical staffs of such independent experts), who are not employees of the Receiving Party and who are retained by a party or its attorneys of record in this action to assist in the preparation of the case, such as independent economic, accounting or scientific experts or technical advisors,

and to furnish technical or expert services in connection with this action, or to give expert testimony with respect to the subject matter thereof for the trial of this action;

(f)     Outside document processing service providers, including duplicating, photocopying and document coding/scanning contractors.  Notwithstanding any other provision of this protective order, access to "HIGHLY CONFIDENTIAL" Information shall be permitted to such service providers without need for the completion of Exhibit A.  The Party providing "HIGHLY CONFIDENTIAL" Information to an outside document processing service provider shall be responsible for that service provider's compliance with the provisions of this Protective Order.

(g)     Such other persons as the Designating Party may agree to in writing, or such other persons ordered by this Court.

## 2.3     Materials Designated "RESTRICTED CONFIDENTIAL – SOURCE CODE"

Subject to the limitations set forth in this Stipulated Protective Order, Designated Material that may be marked "RESTRICTED CONFIDENTIAL – SOURCE CODE" includes, without limitation, any material constituting or containing non-public confidential, proprietary and/or trade secret source code or object code and all related files, e.g. the necessary libraries and make files necessary to compile the electronic format source code, (collectively "Source Code").  All non-public confidential, proprietary and/or trade secret Source Code produced shall be deemed designated as "RESTRICTED CONFIDENTIAL – SOURCE CODE."  Other documents or things that include confidential, proprietary and/or trade secret Source Code may be designated "RESTRICTED CONFIDENTIAL – SOURCE CODE" only if confidential, proprietary and/or trade secret Source Code cannot be reasonably be segregated from the

document or thing.  The following conditions shall govern the production, review and use of source code information:

(a)      Documents designated "RESTRICTED CONFIDENTIAL – SOURCE CODE" and information contained therein shall be available only to:

i.      Outside counsel of record for the parties and Designating Parties to this action, as well as the partners, associates, agents and regularly employed staff and supporting personnel of such counsel to the extent reasonably necessary to render professional services in this action;

ii.      The Court and court personnel (including stenographic reporters) and any necessary law clerk, paralegal, secretarial, clerical, and other lay court personnel;

iii.      Subject to Section 3 below, Designated Material marked "RESTRICTED CONFIDENTIAL – SOURCE CODE" may also be disclosed to independent experts (and the assistants, secretarial and clerical staffs of such independent experts), who are not employees of the Receiving Party and who are retained by a party or its attorneys of record in this action to assist in the preparation of the case, such as independent economic, accounting or scientific experts or technical advisors, and to furnish technical or expert services in connection with this action, or to give expert testimony with respect to the subject matter thereof for the trial of this action;

iv.      Such other persons as the Designating Party may agree to in writing, or such other persons ordered by this Court.

(b)      The Source Code will be produced by the Designating Party in native format and broken out by version number and, if applicable, product name and/or product model number.  The production of a given version of Source Code and related files will preserve all file

names, directory names, modification and/or commit dates, and directory structures. The Designating Party will identify and supply software and/or programming tools that are required to view the Source Code. The Receiving Party will be responsible for supplying software and/or programming tools that are not required to view the Source Code, but that may assist in reviewing and analyzing the Source Code. Where Defendant is the Designating Party, the Source Code will be made available for inspection at a secure site at the Charlottesville, Virginia office of Williams Mullin or other location mutually agreeable to the parties. Where Plaintiff is the Designating Party, the Source Code will be made available for inspection at a secure site at Sheridan Ross' Denver office or one of Goodman Allen's Virginia offices or other location mutually agreeable to the parties. The secure site will be a private room on a secured computer without Internet access or network access to other computers, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computer"). The Source Code Computer will be made available for inspection during regular business hours, upon reasonable notice to the Designating Party, which shall not be less than 5 business days in advance of the requested inspection, and other days or times, subject to the timely request by the Receiving Party, and subject to the Designating Party's availability and good faith efforts to accommodate the requested inspection. The Receiving Party shall provide the same notice prior to any additional requested inspections. The Source Code Computer must be sufficiently state-of-the-art (in terms of processor speed, memory, etc.) to support an expeditious review of the Source Code. The receiving party shall not compile the Source Code or any portion thereof.

(c)     During any inspection, no recording devices (including cell phones, PDAs, or cameras) or recordable media (other than the note-taking device discussed below) will be permitted inside the source code review room. The Receiving Party shall be entitled to take notes relating to the Source Code on a laptop computer or other device, provided that laptop computer or other device does not have Internet access or network access to other computers. The Receiving Party may not copy blocks of Source Code into the notes. The Designating Party may not inspect or review the notes of the Receiving Party absent an order from the Court. No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein. Further, no other written or electronic record of the source code is permitted except as otherwise provided herein. The Designating Party may provide a person to monitor all entrances and exits from the source code viewing room. The Designating Party may visually monitor the activities of the Receiving Party's representatives (through a glass wall or window) during any Source Code review, but only to ensure that no unauthorized electronic records of the Source Code and that no information concerning the Source Code are being created electronically or transmitted electronically in any way, and only so long as the Designating Party cannot hear the Receiving Party or see the contents of the Receiving Party's notes or the display of the Source Code computer. The Designating Party may not use a video camera or other recording device to visually monitor the source code viewing room. The Designating Party may not enter the source code viewing room when the Receiving Party is present, without the Receiving Party's consent. Outside counsel for the Designating Party shall maintain an access log recording the identity of persons accessing the Source Code, and the time the access began and ended. The log shall not be admissible and any information

from it shall be inadmissible in this Litigation except in connection with proceedings before the Court regarding any alleged violations of this Protective Order.

(d)     The Designating Party shall supply and configure a dedicated, attached printer for use with the Source Code Computer on which the Source Code is located. The Receiving Party may print a reasonable number of pages of Source Code, but only to the extent necessary to prepare court filings or pleadings or other papers (including a testifying expert's report or for use as a deposition exhibit). The Receiving Party shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer. The Designating Party will provide watermarked paper bearing production numbers and the legend "RESTRICTED CONFIDENTIAL – SOURCE CODE" for use with the attached printer.  At the completion of each day of review, the Receiving Party will provide to the Designating Party the Source Code printed by the Receiving Party in the source code viewing room that day. The Designating Party shall immediately copy the printed pages and return them to the Receiving Party at that time. Each printed document shall indicate the full path and file name of the printed file, and each line of the Source Code listing shall be separately numbered.

(e)     If the Designating Party objects that certain portions of the printed Source Code are not reasonably necessary to facilitate the receiving party's furtherance of its claims and defenses in this case, the Designating Party shall make such objection known to the Receiving Party within five (5) business days specifying which printed page(s) are objectionable and the grounds for the objection.  "Reasonably necessary" includes printed portions that may be reasonably necessary to facilitate the Receiving Party's preparation of the case, including when reasonably necessary to prepare any filing with the Court or to serve any pleadings or discovery

responses on any other party; to prepare internal work product materials; or to prepare other necessary case materials such as testifying expert reports, consulting expert written analyses, and related drafts and correspondences. If after meeting and conferring, the Designating Party and the Receiving Party cannot resolve the objection, the Designating Party shall be entitled to seek a Court resolution of whether the printed Source Code in question is not reasonably necessary to any case preparation activity. The printed pages of Source Code determined to not be permissibly printed under this protective order shall be destroyed and outside counsel shall certify the destruction thereof. The printed pages shall constitute part of the Source Code produced by the Designating Party in this action.

(f)     Unless otherwise agreed in advance by the parties in writing, following each inspection, the Receiving Party's outside counsel and/or technical advisers shall remove all notes, documents, laptops, and all other materials from the source code viewing room that may contain work product and/or attorney-client privileged information. The Designating Party shall not be responsible for any items left in the room following each inspection session.

(g)     Other than as provided herein, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any other computers or peripheral equipment. The Receiving Party will not transmit any Source Code in any way from the source code viewing room.

(h)     The Receiving Party shall maintain and store any paper copies of the Source Code or notes related to such Source Code at their offices in a manner that prevents duplication of or unauthorized access to the source code or notes, including, without limitation, storing the source code or notes in a locked room or cabinet at all times when it is not in use.

(i)     Any paper copies designated as RESTRICTED CONFIDENTIAL –

SOURCE CODE" shall be stored or viewed only at: (i) the offices of outside counsel for the

Receiving Party; (ii) the offices of experts or technical advisers who are authorized to access

Source Code under the provisions of this protective order; (iii) the site where any deposition is

taken; (iv) the Court; or (v) any intermediate location necessary to transport the information to a

hearing, trial, deposition, etc. Any such paper copies shall be maintained at all times in a locked

and secure location. The Designating Party shall not unreasonably deny a Receiving Party's

request to make additional copies, provided that the request is for good cause and for use that

otherwise complies with this order.

(j)     Any printed pages of Source Code, and any other documents or things

reflecting source code that have been designated by the Designating Party as "RESTRICTED

CONFIDENTIAL – SOURCE CODE" may not be copied, digitally imaged, e-mailed,

transmitted, uploaded, downloaded, photographed, or otherwise duplicated, except as reasonably

necessary for use by the Receiving Party.

(k)     For depositions, the Receiving Party that wants to use any such materials

at a deposition may make only as many copies, and only of the specific pages, as it intends to use

at the deposition. Copies of Source Code that are marked as deposition exhibits shall not be

provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record

will identify the exhibit by its production numbers.

(l)     Images or copies of Source Code shall not be included in correspondence

between the parties (references to production numbers shall be used instead), and shall be

omitted from pleadings and other papers whenever possible. If a party reasonably believes that it

needs to submit a portion of Source Code as part of a filing with the Court, such filing shall not

include more than the portion of the source code reasonably necessary to support its filing, and the parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the source code. If a Designating Party agrees to produce an electronic copy of all or any portion of its Source Code or provide written permission to the Receiving Party that an electronic copy or any other copy needs to be made for a Court filing, the Receiving Party's communications and/or disclosure of electronic files or other materials containing any portion of source code (paper or electronic) shall at all times be limited to solely individuals who are expressly authorized to view source code under the provisions of this Protective Order.

(m)     All paper copies of Source Code shall be securely destroyed if they are no longer necessary in the litigation.  At the conclusion of this action (including any appeals) and unless the Court provides otherwise, printed copies of Source Code shall be returned or destroyed pursuant to the terms of this Protective Order.

### 2.4     Destruction of Designated Materials

Within sixty (60) days of the conclusion of this action, including exhaustion of all appeals, all recipients of Designated Material pursuant to Section 2 shall return or destroy all Designated Material (and all copies thereof) in the manner described in Section 13.2 of this Stipulated Protective Order.

### 3.     Certificates Concerning Designated Materials

3.1     Each person to whom any Designated Material may be disclosed pursuant to the provisions of Sections 2.1(c), 2.1(f), 2.2(e), or 2.3(a)(iii) above, shall, prior to the time such Designated Material is disclosed to him or her, be provided with a copy of this Stipulated Protective Order and shall certify under penalty of perjury that he or she has carefully read the Stipulated Protective Order and fully understands and agrees to abide and be bound by its terms. This certificate shall be in the form attached as Exhibit A.  Outside counsel who makes any

disclosure of Designated Materials pursuant to Sections 2.1(c), 2.1(f), 2.2(e), or 2.3(a)(iii) above, shall retain each original executed certificate.

3.2     Prior to disclosure of Designated Material to any person under Sections 2.1(f), 2.2(e), or 2.3(a)(iii), the party proposing disclosure shall identify that individual by his full name, company or firm, and professional address, and provide his curriculum vitae, including any employment as an employee of or consultant to any party, to attorneys for the Designating Party. The Designating Party shall have five (5) business days from receipt of such identification to object in writing to disclosure to any individual so identified. If the Designating Party objects to disclosure of Designated Material to any such individual, the parties shall attempt to resolve any objections informally.  If the objections cannot be resolved within seven (7) business days from service of the notice, the party objecting to the disclosure of the Designated Material to the individual may move for a protective order from the Court preventing the disclosure provided that the party so moving promptly serves upon the Receiving Party a copy of all moving papers. In the event objections are made and not resolved informally, disclosure of Designated Material to the individual shall not be made until the request for a protective order has been decided by the Court.   The objecting party shall bear the burden of proving that the disclosure is inappropriate.

**4.     Use of Designated Materials by Designating Party**

Nothing in this Stipulated Protective Order shall limit any Designating Party's use of its own documents and information nor shall it prevent the Designating Party from disclosing its own confidential information or documents to any person.  Such disclosure shall not affect any designations made pursuant to the terms of this Stipulated Protective Order, so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.

-14-

5. **Designating Materials**

Documents, information, materials, pleadings, legal memoranda, expert statements and discovery responses, in whole or in part, may be designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "RESTRICTED CONFIDENTIAL – SOURCE CODE" as follows:

5.1     The producing or responding party shall designate material by placing the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "RESTRICTED CONFIDENTIAL – SOURCE CODE" on each page of the materials or on each physical item prior to its production.

5.2     When a party wishes to designate its own "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "RESTRICTED CONFIDENTIAL – SOURCE CODE" materials produced by someone other than the Designating Party, such designation shall be made:

(a)     Within seven (7) business days from the date that the Designating Party receives copies of such materials from the producing or disclosing entity; and

(b)     By notice to all parties to this action and to the Designating Party, if such party is not a party to this action, identifying the materials to be designated with particularity (either by production numbers or by providing other adequate identification of the specific material).  Such notice shall be sent by facsimile and regular mail.

5.3     Upon notice of designation pursuant to Section 5.2 above, all persons receiving notice of the requested designation of materials shall:

(a)     Make no further disclosure of such Designated Material or information contained therein, except as allowed in this Stipulated Protective Order;

(b)     Take reasonable steps to notify any persons known to have possession or access to such Designated Materials of the effect of such designation under this Stipulated Protective Order; and

(c)     Take reasonable steps to reclaim or prevent access to such Designated Material or information in the possession or control of any person not permitted to have access under the terms of this Stipulated Protective Order.

6.     **Designating Depositions**

6.1     Deposition transcripts or portions thereof may be designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "RESTRICTED CONFIDENTIAL – SOURCE CODE" by a party or Designating Party during deposition testimony taken in this action, in which case the portion of the transcript containing Designated Material shall be identified in the transcript by the Court Reporter as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "RESTRICTED CONFIDENTIAL – SOURCE CODE".

6.2     Where testimony is designated at a deposition, the Designating Party shall have the right to exclude at those portions of the deposition all persons not authorized by the terms of this Protective Order to receive such Designated Material.

6.3     Any party may mark Designated Material as a deposition exhibit and examine any witness thereon, provided that the exhibit and related transcript pages receive the same confidentiality designation as the original Designated Material and provided that the person to whom the Designated Materials is to be shown is a person who may have such access under Section 2, above.

6.4     Any party or Designating Party may, within ten (10) business days after receiving a deposition transcript, designate pages of the transcript and/or its exhibits as Designated Material. If any party or Designating Party so designates such material, the parties or deponents shall provide written notice of such designation to all parties within the thirty day period. Designated Material within the deposition transcript or the exhibits thereto may be identified in writing or by underlining the relevant portions and marking such portions

-16-

"CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "RESTRICTED CONFIDENTIAL – SOURCE CODE". Until the expiration of the ten business-day period, any portion of the deposition not previously designated shall be treated as "HIGHLY CONFIDENTIAL," or "RESTRICTED CONFIDENTIAL – SOURCE CODE" for any portion of the deposition that discusses Source Code, and subject to protection as provided by this Stipulated Protective Order.

7.    **Copies**

All complete or partial copies of Designated Materials and written materials derived from Designated Materials shall also be deemed subject to the terms of this Stipulated Protective Order.

8.    **Court Procedures**

8.1    **Disclosure of Designated Material to Court Officials.**

Subject to the provisions of this Section 8, Designated Material may be disclosed to the Court, Court officials or employees involved in this action (including court reporters, persons operating video recording equipment at depositions, and any special master or referee appointed by the Court), the jury in this action, and any interpreters interpreting on behalf of any party or deponent.

8.2    **Disclosure of Designated Material to Court Officials.**

In the event that any Designated Material is included with, or the contents thereof are in any way disclosed in any pleading, motion or other paper filed with the Clerk of this Court, the party filing such pleading, motion or other paper shall contemporaneously move the Court to file the Designated Material under seal pursuant to Local Rule 5 and shall file the Designated Material with the Clerk of the Court, in sealed envelopes or containers marked with the caption of the case, a general description of the contents of the envelope or container and a legend substantially in the following form:

-17-

"UNDER SEAL – SUBJECT TO PROTECTIVE ORDER – CONTAINS CONFIDENTIAL MATERIAL – TO BE OPENED ONLY BY OR AS DIRECTED BY THE COURT."

Notwithstanding the foregoing, Designated Material introduced into evidence at trial shall not be sealed or otherwise treated as confidential by the Court except pursuant to a further order of the Court at the request of either party during pretrial proceedings or at trial.

~~For the convenience of the parties, Designating Parties and the Court, a party or~~ *DSM* Designating Party that files a paper that is a pleading, ~~brief,~~ declaration or exhibit that contains in excerpts, quotes ~~or paraphrases~~ Designated Material and undesignated material may file the ~~entire paper under seal. Subject to the Court's approval,~~ the Clerk of the Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in this action that have been designated, in whole or in part, as Designated Material by a party to this action *until the* *DSM* *Court rules on each properly filed and noticed Motion to Seal under Rule 5.*

**8.3     Retrieval of Designated Materials.**

The party or Designating Party responsible for filing the Designated Materials shall be responsible for retrieving such Designated Materials from the Court following the final termination of the action (including any appeals thereof), to the extent permitted by the Court and the Court's governing rules.

**8.4     Failure to File Under Seal.**

If any party or Designating Party fails to request that the Court file Designated Materials under seal, the Designating Party or any party to this action may request that the Court place the Designated Materials under seal within 30 days of the filing of said Designated Materials.

**9.     Objections**

A party may challenge the propriety of any designation under this Stipulated Protective Order at any time.  A challenge may be made by serving all other parties and the Designating

Party with a captioned notice of objection, which shall identify with particularity the Designated Materials as to which the designation is challenged and state the basis for each challenge (the "Notice of Objection").

Following service of a Notice of Objection, the parties and the Designating Party shall promptly meet and confer in good faith to resolve the challenge. In the event that the parties and the Designating Party are unable to resolve the challenge informally, the party challenging the designation may file, on or before the thirtieth calendar day after service of a Notice of Objection, a motion to redesignate the challenged material, accompanied by a certification that the parties and the Designating Party met and conferred in good faith prior to the filing of the motion. In the event of such a motion, the material at issue may be submitted to the Court for *in camera* inspection. It shall be the burden of the Designating Party under such circumstances to establish that the information so designated is CONFIDENTIAL, HIGHLY CONFIDENTIAL, or "RESTRICTED CONFIDENTIAL – SOURCE CODE" within the meaning of this Stipulated Protective Order. The original designations shall remain effective until three (3) business days after entry of an order redesignating the materials and during the pendency of any timely filed appeal or writ petition.

**10.    Client Communication**

Nothing in this Stipulated Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course of rendering such advice, relying upon the examination of Designated Material. In rendering such advice and otherwise communicating with the client, however, counsel shall not disclose the contents, substance or source of Designated Material, except as permitted by this Stipulated Protective Order.

11.    **No Prejudice**

11.1    This Stipulated Protective Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Party consents in writing before the disclosure takes place.

11.2    Unless all parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Stipulated Protective Order shall not be admissible for any purpose during any proceeding on the merits of this action.

11.3    If any person required to produce documents inadvertently produces any Designated Material, without marking it with the appropriate legend, the Designating Party may give written notice to the Receiving Party or Parties, including appropriately stamped copies of the Designated Material, that the document, thing, or response is deemed Designated Material and should be treated as such in accordance with the provisions of this Stipulated Protective Order.

11.4    Neither the provisions of this Stipulated Protective Order, nor the filing of any Designated Material, under seal, shall prevent the use in court, at any hearing, or at trial of this action of any Designated Material that is subject to this Stipulated Protective Order or filed under seal pursuant to its provisions. Prior to the pretrial conference, the parties and Designating Parties shall meet and confer concerning appropriate methods for dealing with Designated Materials at trial.

12.    **Privilege and Waiver**

Federal Rule of Evidence 502(d) shall apply to this case.  The production or disclosure during discovery of an attorney-client privileged, attorney work product, or other protected document or information medium ("Protected Material") shall not be deemed a waiver of the privilege, work product, or other protection or immunity from discovery by the Designating

Party in this or any subsequent state or federal proceeding. If any party becomes aware of the production of Protected Material by any party, the party shall provide written notice of such production. Within three (3) business days of receipt of notice by any party that Protected Material was produced or disclosed, sufficiently identified by Bates number or other method to enable its identification, all recipients of the Protected Material shall collect all copies or reproductions thereof and either segregate them to protect them from use, or, if requested, return them to the Designating Party and shall delete such material from any medium. In addition, the recipients shall collect all notes or other work product that summarize, discuss, or quote the contents of such Protected Material, which shall then be segregated and destroyed, unless the protected nature of the production is disputed. If the recipient disputes the protected nature of the Protected Material, then the recipient shall so notify the Designating Party in writing at the time the documents, information, and materials are segregated or returned to the Designating Party, or within a reasonable time thereafter. If the dispute cannot be resolved after conferring in good faith with the Designating Party, the recipient may promptly file a motion with the Court to compel production of such documents, information, and materials, attaching the information at issue, under seal. The Designating Party shall have the burden of demonstrating the protected nature of the Protected Material. The Designating Party must retain the information until the claim is resolved. If the protected nature of the Protected Material is upheld, the Receiving Party shall return or destroy the Protected Material and all notes or other work product that summarize, discuss, or quote the contents of the Protected Material.

13.     **Privilege Log**

The parties have agreed that should any documents be withheld from production on the basis of a claim of privilege or other protection, the withholding party shall produce a privilege log in accordance with the following conditions:

(a)     Communications with outside counsel may be excluded;

(b)     Communications with in-house counsel after the date the Complaint was served in this action may be excluded so long as the in-house counsel was acting in a legal capacity and not in a capacity whereby they were providing business advice to their employer;

(c)     The log must include sufficient descriptive information that supports the privilege asserted to enable the Receiving Party to make a determination whether to challenge the assertion of privilege; and

(d)     Where an email chain is at issue, the listing on the log will be limited to the last strand in the email chain but it will identify all respondents on each email in the chain. All non-privileged emails in the chain will be produced.

14.     **Modification and Survival**

14.1     **Modification.**

The parties reserve the right to seek modification of this Stipulated Protective Order at any time for good cause. The parties agree to meet and confer prior to seeking to modify this Stipulated Protective Order for any reason. The restrictions imposed by this Stipulated Protective Order may only be modified or terminated by written stipulation of all parties and Designating Parties or, after the Designating Party has been provided an opportunity to object, by order of this Court.

14.2     **Survival and Return of Designated Material.**

This Stipulated Protective Order shall survive termination of this action. Upon final termination of the action, including appeals and retrials, and at the written request of the Designating Party, all Designated Material, including deposition testimony regarding designated exhibits and all copies thereof, shall be returned to counsel for the Designating Party at the

-22-

expense of the Designating Party, or, if such Designating Party is not represented by counsel, directly to the Designating Party at the expense of the Designating Party. The written request must be received within ten (10) days from the final termination of the action. Absent the written request, the Designated Material shall be destroyed by the Receiving Party. Upon request for the return or destruction of Designated Materials, counsel of record shall certify their compliance with this provision and shall deliver such certification to counsel for the Designating Party. The certification shall be delivered not more than 90 days after the written request to return or within 90 days of the final termination of the action (including any appeals).

Notwithstanding the provisions for return or destruction of Designated Material, outside counsel may retain pleadings, attorney and Consultant work product.

### 15. The Provisions Hereof Do Not Apply to Information That Becomes Public Knowledge in the Absence of a Violation of This Stipulated Protective Order

The restrictions set forth in the foregoing paragraphs shall not apply to information which (a) was or became public knowledge, not in violation of this Stipulated Protective Order, (b) was or is acquired in good faith from a third party, not a party to this action, not in violation of this Stipulated Protective Order and who has the right to disclose such information, (c) was or is discovered independently by the Receiving Party without any violation of this Stipulated Protective Order having occurred, or (d) was disclosed by the Designating Party to a third party in the absence of any understanding or expectation that the information would be kept confidential. The burden of showing that Designated Material can be treated as non-confidential material pursuant to the provisions of this Section 14 shall rest at all times on the party who seeks to disclose such information or to treat such information as non-confidential. A party that objects to the designation of material as confidential on one of the grounds set forth in this Section 14 shall follow the objections procedures set forth in Section 9 above.

16.     **Material Disclosed to be Used Only for Purposes of Action**

All Designated Material hereunder shall be used by each Receiving Party solely for purposes of this action and for no other purpose.  Except as provided below, a Receiving Party may not use any Designated Material it obtains in the course of this action for any business purpose or in any other legal or administrative proceedings or in any other manner relating to the prosecution of any patent application or any request for patent rights in any country.  Designated Material produced during the course of this action can be used by a Receiving Party in other legal or administrative proceedings if such use is mutually agreed by the Designating and the Receiving Parties.

17.     **Provisions Concerning E-Discovery**

Absent agreement of the parties or further order of this court, the following parameters shall apply to the production of Electronically Stored Information ("ESI"):

A.     **General Document Image Format.** Each electronic document shall be produced in black-and-white, single-page 300 DPI, Group IV*.tif images ("TIFF") with corresponding extracted full text or OCR and affiliated metadata as identified below. TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files and shall be in a format compatible with Concordance. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document. If a party produces PDF documents that meet the naming, unitization, and other requirements of this paragraph, the party is not obligated to separately produce single-page TIFF files.

B.     **Footer.** Each document image shall contain a footer with a sequentially ascending

production number, also known as a Bates number.

**C.**     **Native Files.** Documents that do not convert readily to TIFF format, including, for example, Excel spreadsheets, large scale drawings, large text files, etc., will be produced in native format. Audio files and video files also will be produced in native format.  PowerPoint presentations will be produced in such a manner that any notes, footnotes, comments, or other information not displayed on the slides themselves shall be unhidden in such documents, which may be in TIFF format.  Metadata contained in or associated with each file will be produced to the extent technologically possible consistent with subparagraph 17(F). If production in native format is necessary to decipher the meaning, context, or content of a document produced in TIFF, e.g., Word documents with track changes, the producing party will honor reasonable requests made in good faith for either the production of the original document for inspection and copying or production of the document in native format. A party that receives a document produced in non-native format may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the Producing Party shall produce the document in its native format. Any party producing ESI in native format shall: (1) produce a slip sheet in black-and-white Group IV*.tif that is endorsed with the production number; and (2) a "NativeLink" which will contain a directory path to the native file.

**D.**     **No Backup Restoration Required.** Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

**E.    Voicemail and Mobile Devices.** Absent a showing of good cause, voicemails, PDAs and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

**F.    Metadata.** The following fields and metadata will be produced for non-email ESI, to the extent said information is available in the original metadata: file name; modification dates and times; authors; created date; original file location and custodian. Other metadata fields shall not be required absent a showing of good cause. For e-mail, the following metadata fields (to the extent stored electronically and available) will be provided: to; from; cc; bcc; date (sent/received); times (sent/received); email subject; original file location and custodian. All time fields shall be in Eastern time.

**G.    De-duplication of Production.** The Parties shall use reasonable, good faith efforts to avoid the production of Duplicate ESI (defined below). Parties shall de-duplicate globally prior to production in a manner that does not break up document families (such as emails and attachments), and the original ESI shall be preserved. The Parties shall cooperate to determine the order of custodians by which de-duplication should be performed by the Producing Party. "Duplicate ESI" means documents that are exact duplicates (based on MD5 or SHA-1 hash values) that reside within a party's ESI data set. For Duplicate ESI, each party shall produce only a single copy of a responsive document or record ("Single Production Copy") provided that, for emails, the load file accompanying the production in question contains field(s) listing the custodians of each of the non-produced duplicates. If requested with respect to specifically-identified documents, a Party will produce in a timely manner metadata for the non-produced duplicates of the Single Production Copy.

**H.**     **Redactions.** A Producing Party may redact confidential personal information from otherwise responsive documents.  To the extent that a document is produced in redacted form, the Producing Party shall produce the remainder of the non-redacted portions of the document and any redactions shall be clearly indicated on the face of the document. The production of a document in a redacted form does not affect the producing Party's obligation to properly document and substantiate reason for the redaction of the content.  Documents that are to be produced in a native format as set forth in paragraph 17(c), but require redactions, may be produced as TIFF images with information redacted, or if a TIFF image production is not practicable (e.g., the file is a video or very large spreadsheet), the producing Party may produce a copy of the native file with the redacted portions replaced with "[REDACTED]" or a similar mark. If modification of a native file is required for redaction purposes, metadata information associated with that file should remain unchanged unless it also requires redaction.

**18.     E-mail Discovery**

General production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this court, shall not include e-mail or other forms of electronic correspondence (collectively "e-mail"). To obtain e-mail parties must propound specific e-mail production requests.

E-mail production requests shall identify the custodian, search queries, and time frame. The parties shall cooperate to identify the proper custodians, proper search queries, and proper time frame. To facilitate the selection of the proper custodians and search queries, the parties will exchange the following disclosures: (1) By April 25, 2014, each Producing Party shall identify those party custodians most likely to have discoverable emails in their possession, custody or

control. The custodians shall be identified by name, title, and the expected subject matter of the emails. Requesting Party may identify additional Producing Party custodians it contends are likely to have discoverable emails, however each Requesting Party shall limit its e-mail production requests to a total of seven custodians per Producing Party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case.

Each requesting party shall limit its e-mail production requests to a total of fifteen search queries per custodian per party. The parties may jointly agree to modify this limit without the court's leave. The court shall consider contested requests for additional or fewer search queries per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search queries shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search query. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search query unless they are variants or synonyms of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. For the purposes of email discovery requests, an email (and its attachment(s), if any) will be produced if the email and/or its attachment(s) are returned in response to a search query on the full text and metadata of the email and/or its attachment(s). Notwithstanding the

foregoing, nothing in this paragraph shall be construed to require the parties to produce documents that are not relevant to any claim or defense of either party.

### 19. Discoverability of Expert Drafts

Drafts of expert reports, other writings generated by testifying experts with respect to their work in this case, and communications between outside counsel and experts relating to their work in this case are exempt from discovery in this or any other litigation, unless relied upon by the expert as a basis for his or her expert testimony. Nothing in this Order shall be construed to limit the discovery or examination of expert witnesses concerning documents or other information relied on by the expert as a basis for the expert's final opinions in this case, or compensation received by such expert witness for the expert's testimony, if any, including but not limited to disclosures required by FED. R. CIV. P. 26(a)(2)(B)(vi).

### 20. Third Party Confidential Information

The parties recognize that discovery of a third party may involve receipt of that third party's confidential information. Accordingly, a third party may designate materials produced by it as CONFIDENTIAL, HIGHLY CONFIDENTIAL, or RESTRICTED CONFIDENTIAL – SOURCE CODE pursuant to the terms of this Protective Order and is subject to all applicable provisions of this Protective Order with respect to any material so designated (such Designated Material is hereinafter referred to specifically as "Third Party Confidential Information"). In order to ensure adequate protection of Third Party Confidential Information disclosed during depositions where counsel for the third party in question is not present, such as the deposition of an expert witness retained by a party, the party that issued the subpoena to the third party or otherwise requested Third Party Confidential Information from the third party may provisionally designate any portion of the deposition transcript discussing the Third Party Confidential

Information as CONFIDENTIAL, HIGHLY CONFIDENTIAL, or RESTRICTED CONFIDENTIAL – SOURCE CODE in accordance with the procedures of Paragraph 6 and shall promptly notify the third party in writing of the provisional designation, such that the third party can confirm the appropriateness of the designation and take such other measures it deems necessary to protect the confidentiality of its information.

21.    **No Contract**

This stipulation is for the Court's consideration and approval as an order. It shall not be construed to create a contract between the parties or between the parties and their respective counsel.

22.    **No Waiver**

No action taken in accordance with this Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

23.    **Court's Retention of Jurisdiction**

The Court retains jurisdiction to make such amendments, modifications, and additions to this Stipulated Protective Order as it may from time to time deem appropriate.

24.    **Approval by Counsel**

Execution by counsel for the parties below shall indicate that the terms and conditions of this Stipulated Protective Order shall be regarded as a binding agreement by the parties regardless of the date the Stipulated Protective Order actually is signed by the Court.


**AGREED:**                                        **AGREED:**


_____/s/_____                                _____/s/_____

Charles M. Allen (VSB No. 30183)              John B. Swingle (VBS No. 82704)

-30-

GOODMAN ALLEN & FILETTI, PLLC
4501 Highwoods Pkwy
Suite 210
Glen Allen, VA 23060
Telephone: (804) 346-0600
Email: callen@goodmanallen.com

Benjamin B. Lieb
George T. Scott
Hiwot M. Covell
SHERIDAN ROSS PC
1560 Broadway
Suite 1200
Denver, CO 80202
Telephone: (303) 863-9700
Fax: (303) 863-0223
blieb@sheridanross.com
jscott@sheridanross.com
hcovell@sheridanross.com

*Counsel for Plaintiff iSourceLoans, LLC*

WILLIAMS MULLEN
999 Waterside Dr
Suite 1700
Norfolk, VA 23510
Telephone: (757) 499-8800
Fax: (757) 473-0395
jswingle@williamsmullen.com

Patrick R. Hanes
WILLIAMS MULLEN
200 South 10th Street
16th Floor
PO Box 1320
Richmond, VA 23218
Telephone: (804) 420-6000
Fax: (804) 420-6507
phanes@williamsmullen.com

*Counsel for Defendant SunTrust Mortgage, Inc.*


**IT IS SO ORDERED** this ___ day of _____, 2014.

/s/

Douglas E. Miller
United States Magistrate Judge

United States ~~District~~ Judge
Magistrate

## EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

ISOURCELOANS LLC,                  )
                                   )
                                   )
              Plaintiff            )     Case No. 2:13-CV-521-AWA-DEM
                                   )
v.                                 )
                                   )
SUNTRUST MORTGAGE, INC.            )
                                   )
              Defendant.           )
_____)

### CONFIDENTIALITY AGREEMENT

My full name is _____. I am presently employed by

_____ in the position of _____.     My    residence

address is _____.

I hereby acknowledge that I am to have access to information designated in this action as

"CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or "RESTRICTED

CONFIDENTIAL – SOURCE CODE" material, if permitted by the terms of the parties'

Stipulated Protective Order, in the captioned action.  I certify my understanding that such

information has been provided to me pursuant to the terms and restrictions of the Stipulated

Protective Order entered _____ 2014, in the captioned action, and that I

have been given a copy of and have read said Stipulated Protective Order and agree to be bound

by the terms thereof.  I understand that any violation of the Stipulated Protective Order may

subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents designated CONFIDENTIAL, HIGHLY CONFIDENTIAL or "RESTRICTED CONFIDENTIAL – SOURCE CODE" obtained pursuant to such Stipulated Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Stipulated Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Stipulated Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received any documents in my possession designated CONFIDENTIAL, HIGHLY CONFIDENTIAL, or RESTRICTED CONFIDENTIAL – SOURCE CODE and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I further agree to subject myself to the jurisdiction of the United States District Court for the Eastern District of Virginia regarding resolution of any matter pertaining to said Stipulated Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.


Dated: _____        Signature: _____

                              Print Name: _____